JUSTICE COTTER,
dissenting.
¶25 I dissent. I would conclude that Strong’s conviction of two misdemeanors and a felony for the repeated commission of one offense violates the statutory definition of “same transaction,” as well as the spirit and intent of § 45-5-626(3), MCA. I would remand with instructions to vacate all but one misdemeanor conviction.
¶26 The Court concludes at ¶ 17 that “Strong’s conduct meets the statutory definition of ‘same transaction.’ ” Section 46-l-202(23)(b), MCA, defines “same transaction” as “conduct consisting of a series of acts or omissions that are motivated by... a common purpose or plan that results in the repeated commission of the same offense ... .” (Emphasis added.) Thus, by definition, the singular term “same transaction” encompasses the repeated commission of one offense. Strong repeated the commission of one offense when he made four telephone calls within minutes of each other during the same evening.
¶27 The Court concludes at ¶ 19 that because § 45-5-626, MCA, “is not ‘defined to prohibit a continuing course of conduct’ under § 46-11-410(2Xe), MCA,” Strong was properly charged. However, this conclusion cannot be squared with the Court’s explicit finding that his *479 conduct constitutes “the same transaction,” which by definition incorporates the repeated commission of the same offense. Under § 46-ll-410(2Xe), MCA, a defendant may not be convicted of more than one offense if “the offense is defined to prohibit a continuing course of conduct” which a “same transaction” offense plainly does. Moreover, a defendant may not be convicted of more than one offense if “one offense is included in the other” (§ 46-ll-410(2)(a), MCA), which is the case here — again, because of the definition of “same transaction.” The various statutes here in play cannot be reconciled as neatly as the Court professes to do. “[A]mbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity.” Rewis v. United States, 401 U.S. 808, 812, 91 S. Ct. 1056, 1059 (1971) (internal citation omitted). “[W]here there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant.” State v. Goodwin, 249 Mont. 1, 23-24, 813 P.2d 953, 967 (1991).
¶28 Second, in upholding Strong’s conviction of two misdemeanors and a felony, we ignore the spirit and intent of § 45-5-626(3), MCA. This provision of the statute outlines the penalties associated with conviction of an order of protection for a “first offense,” and then proceeds to describe the increased punishment for “conviction for a second offense,” and “conviction for a third or subsequent offense.” The manner in which the statute is constructed — separating one conviction from another — clearly suggests that the penalties are to be imposed upon successive convictions for second offenses and not simultaneous convictions arising out of “the same transaction” as here. We err in ignoring the evident intent of this statutory language. Respectfully, Tichenor is of no assistance to the Court because, while the two stalking offenses in that case were charged simultaneously, the conduct supporting the two offenses occurred over two wholly separate time frames. One count of stalking was charged for 69 phone calls over five days, and the second felony count arose from 50 phone calls that took place over a five-day period a week later and after the defendant had been arrested. These offenses plainly did not arise out of “the same transaction.” As the Court observed, Tichenor’s conduct “was broken not merely by... arrest... but also by time... and by the intensity of the conduct” that occurred after the defendant’s intervening arrest. Tichenor, ¶ 49. Thus, the second stalking charge in Tichenor genuinely arose out of a “second offense” and second transaction, which is not the case here.
¶29 Finally, though the Court is correct that prosecutors have broad discretion to determine whether and to what extent to prosecute an offender (Opinion, ¶ 22), this prosecution and Strong’s conviction of a *480 felony was overzealous. The facts here are undisputed: The phone calls occurred on November 6, 2012, after Strong was told by a mutual friend that Jessica intended to drop the order of protection, and indeed she did so two days later because she sought communication with Strong concerning child support and their pending divorce, the very subject of their telephone discussions of November 6. Unlike the situation in Tichenor, the victim here did not seek Strong’s prosecution; rather, the charges were brought because the calls had been recorded at the detention center. Unlike the situation in Tichenor, this victim was neither harmed nor offended by Strong’s phone calls. A conviction of multiple misdemeanors and a felony under these circumstances is in my judgment wholly unjustifiable.
¶30 For the foregoing reasons, I dissent.
JUSTICE McIQNNON joins the dissent.